Larry G. Grubbs (#5-1725)
Lynaugh, Fitzgerald, Eiselein & Grubbs
225 North 23rd Street
P. O. Box 1729
Billings, Montana 59103-1729
Telephone: (406) 252-3461
Telecopier: (406) 245-2660
*Attorney for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 19 2009

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KATHY SHARMAN and PHIL SHARMAN, wife and husband, | Civil Action No. 09 CV 108 B |
| Plaintiffs, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| POWELL VALLEY HEALTH CARE, INC., and ELIZABETH SPOMER, M.D., | |
| Defendants. | |

COME NOW the Plaintiffs and for their claims against the Defendants complain and allege as follows:

## COUNT ONE

I.

The Plaintiffs, Kathy Sharman and Phil Sharman, are citizens of the State of New Jersey, residing in Cherry Hill, New Jersey.

Receipt # CHY006857
Summons: _X_ issued
         ___ not issued

II.

Defendant Powell Valley Health Care, Inc., is a corporation organized and existing under the laws of the State of Wyoming with its principal office and place of business in Powell, Park County, Wyoming, and is and at all relevant times was a citizen of the State of Wyoming. Said corporation is and/or at relevant times was sometimes doing business as or under various assumed business names or trade names, including but not necessarily limited to Powell Valley Healthcare, Powell Valley Clinic, Powell Valley Hospital, Powell Hospital, Powell Valley Care Center, and Mountain View Medical Center. Said corporate Defendant, and all its assumed business names and/or trade names, are hereinafter referred to as "PVHC."

III.

Defendant Elizabeth Spomer, M.D., is a physician board-certified in family practice medicine who is and at all relevant times was a citizen of the State of Wyoming residing and practicing medicine in Park County, Wyoming.

IV.

Plaintiffs are informed and believe, and thereupon allege, that Defendant Elizabeth Spomer, M.D., is and at relevant times was an employee or agent of Defendant PVHC acting within the course, scope, and duties of her employment/ agency with Defendant PVHC in providing medical care, treatment, and advice for Plaintiff Kathy Sharman, so that Defendant Spomer is liable, and Defendant PVHC is vicariously liable, for the

below-described negligent conduct and the injuries and damages to the Plaintiffs caused thereby.

V.

Defendant PVHC was at all relevant times providing medical, hospital, and health care, treatment, and advice for members of the public, including Plaintiffs, acting by and through its agents and employees (including but not necessarily limited to Defendant Elizabeth Spomer, M.D.), who were acting within the course and scope of their duties, agency, and/or employment in providing such care, treatment, and advice to Plaintiffs, and Defendant PVHC is vicariously liable for the negligence of its agents and employees (specifically including the negligence of Defendant Elizabeth Spomer, M.D.), and the injuries and damages to Plaintiffs caused thereby.

VI.

This Court has jurisdiction of this action by virtue of 28 U.S.C. § 1332 in that the Plaintiffs and the Defendants are citizens of different states, the Plaintiffs being citizens of New Jersey and the Defendants being citizens of Wyoming as aforesaid, and the amount in controversy exceeds the sum of $75,000, the amount specified in 28 U.S.C. § 1332, exclusive of interest and costs.

VII.

Venue in this Court is proper in that the Defendants' residence and principal places of business and offices are in Park County, Wyoming.

VIII.

All conditions precedent to the commencement of this action have been performed or have occurred, including the processing of an application for review of claim before the Wyoming Medical Review Panel, and specifically including the delivery, submission, and docketing of the Plaintiffs' claims to and at the offices of the Director of the Wyoming Medical Review Panel on October 6, 2008; the service of same on the Defendants by the Panel Director on October 8, 2008; the Director's specific finding of good cause for setting the hearing date more than 120 days after submission of the Plaintiffs' claim to the Director; the conduct and completion of a hearing before the Panel in Cody, Wyoming, on May 6, 2009; the rendering of the Panel's final decision in writing on May 14, 2009; and, the service of copies of the final decision on the parties by the Director on May 15, 2009. Plaintiffs have complied with the requirements of the Wyoming Medical Review Panel Act of 2005, Wyo.Stat. §§ 9-2-1513 *et seq.* By virtue of the provisions of Wyo.Stat. § 9-2-1518(a), the applicable limitation period was tolled upon the Director's receipt of the Panel claim on October 6, 2008, and does not begin again until 30 days after the Panel's final decision.

IX.

On October 13, 2006, Kathy Sharman gave birth to a baby at PVHC's facilities in Powell, Park County, Wyoming, by C-section delivery performed by Dr. Spomer.

X.

In the course of performing said C-section delivery, the Defendants failed to meet applicable standards of care, breached duties to Plaintiffs, committed malpractice, and were negligent in various respects, including Dr. Spomer's failures: to carefully and adequately examine the placenta after manually extracting it from the uterus; to carefully and sufficiently examine the uterus and remove the products of conception therefrom; to discover that a large piece of the placenta was missing from the placenta; and, to discover that products of conception including said large piece of placenta had been left in the uterus, thereby exposing Kathy Sharman to risks of infection and/or severe hemorrhage.

XI.

Pursuant to Dr. Spomer's order, a pathologist conducted an examination of the portion of the placenta removed from the uterus, and prepared and forwarded to Dr. Spomer a *Surgical Pathology Report* on October 16, 2006, reporting among other things that it was apparent from gross examination that the maternal surface of the placenta was torn, hemorrhagic, and appeared to be incomplete; that the placenta contained only 10 cotyledons; and, that a portion of a cotyledon approximately 8 x 5 centimeters (3 x 2 inches) in size appeared to be missing from the placenta.

XII.

The Defendants further failed to meet applicable standards of care, breached duties to Plaintiffs, committed malpractice, and were negligent in that, among other things, Dr. Spomer failed to read said *Surgical Pathology Report* for almost a month after delivering the Sharmans' baby, or if she read it before November 14, 2006, she failed to read it with sufficient care to understand and appreciate that it was apparent on gross examination that a large piece of the placenta was missing; she failed to react appropriately, including failures to promptly attempt to determine whether a large piece of placenta remained in Kathy Sharman's uterus and to remove same from the uterus; to refer Kathy Sharman to an obstetrician or other appropriate specialist; to inform and warn Kathy Sharman that a large piece of placenta may have remained in her uterus, in which case she was at risk for various serious complications including potentially fatal hemorrhaging; to inform her of the treatment options available to her in the event a large piece of placenta or other products of conception remained in her uterus; and, to inform her of the risks and benefits of the various treatment options available to her, including treatment options that could spare the uterus from damage that would leave her incapable of having additional children.

XIII.

As a direct result of the Defendants' failures to meet applicable standards of care, breaches of duty to Plaintiffs, medical malpractice, and negligence, Kathy Sharman suffered and continues to suffer injury, damage, and harm in that, among other things, on November 11, 2006, she suffered severe vaginal bleeding; in the early morning hours on November 14, 2006, she suffered severe hemorrhage from which she nearly died; on November 14, 2006, she had to undergo two D&C procedures which injured and scarred her uterus; and, in February of 2008 she had to undergo surgical procedures to remove adhesions and scar tissue which had formed in her uterus.

XIV.

As a further direct result of the Defendants' failures to meet applicable standards of care, breaches of duty to Plaintiffs, medical malpractice, and negligence, Plaintiff Kathy Sharman sustained bodily injuries including injury to her uterus making it virtually impossible for her to have more children; suffered and will suffer physical pain, discomfort, dysfunction and impairment; suffered and will suffer emotional distress; incurred and will incur health care expenses; suffered and will suffer a diminishment in the quality of her life and her enjoyment of life; was and will be otherwise injured, damaged, and harmed; and, has suffered and will suffer economic and non-economic damages in amounts to be determined herein.

## COUNT TWO

XV.

Plaintiffs reallege paragraphs I through XIV, above, and incorporate them herein by reference as though fully set forth.

XVI.

Plaintiff Phil Sharman is among the class of persons entitled to bring a claim for negligent infliction of emotional distress under Wyoming law [*Gates v. Richardson*, 719 P.2d 193 (1986).

XVII.

Plaintiff Phil Sharman was at home with his wife, Kathy Sharman, when he awoke in the early morning hours of November 14, 2006, to discover that she had been experiencing and was experiencing severe hemorrhaging, and he perceived and as a direct result suffered shock and serious emotional distress by virtue of observing (without material change in his wife's condition or location) his wife losing of large amounts of blood, continuing severe hemorrhaging, and her losing consciousness and nearly dying in the bathtub at their home while suffering heavy blood loss and other bodily dysfunction; and, shortly thereafter, by the attending physician's advising him that his wife could die that night as a result of the severe loss of blood and that he needed to notify his wife's family immediately of her possible imminent demise.

### XVIII.

As a further direct result of the Defendants' failures to meet applicable standards of care, breaches of duty to Plaintiffs, medical malpractice, and negligence, Plaintiff Phil Sharman has suffered the emotional distress caused by the fact that the damage to his wife's uterus has made it virtually impossible for him and his wife to have more children; has suffered and will suffer a diminishment in the quality of his life and the enjoyment of his life; incurred and will incur expenses for his wife's related health care and treatment; was and will be otherwise damaged; and, has suffered and will suffer economic and non-economic damages in amounts to be determined herein.

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

A.  For all past and future general and special damages to which they are entitled by law under the circumstances, together with prejudgment interest thereon to the extent allowed by law, in amounts to be determined herein;

B.  For their costs of suit; and,

C.  For such other and further relief as the Court may deem to be just and equitable under the circumstances.

PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE HEREIN.

DATED this 18th day of May, 2009.



Larry G. Grubbs *(# 5-1725)*
LYNAUGH, FITZGERALD, EISELEIN & GRUBBS
225 North 23rd Street
P. O. Box 1729
Billings, Montana  59103-1729
Telephone:  (406) 252-3461
Telecopier:  (406) 245-2660
larry@lfeglaw.com

and

William L. Simpson (#5-2189)
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P. O. Box 490
Cody, Wyoming 82414
Telephone:  (307) 527-7891
Telecopier:  (307) 527-7897
bsimpson@skelaw.com

***ATTORNEYS FOR PLAINTIFFS***